United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAXTON, et al.

Appellants,

v.

QUINLAN, et al.

Appellees.

Case No.  20-cv-01655-PJH

**ORDER DENYING MOTION TO STAY**

Re: Dkt. No. 6

14      Before the court is appellants John and Elizabeth Paxton's ("appellants") motion to

15 stay bankruptcy proceedings.  The matter is fully briefed and suitable for decision without

16 oral argument.  Having read the parties' papers and carefully considered their arguments

17 and the relevant legal authority, and good cause appearing, the court hereby DENIES

18 appellants' motion for the following reasons.

19                                    **BACKGROUND**

20      The underlying bankruptcy action began in October 2012 when appellants filed a

21 Chapter 13 bankruptcy petition.[1]  Their landlord at the time and one of the appellees in

22 this appeal, Quinlan,[2] was not named on appellees' bankruptcy schedules or matrix of

23 creditors and therefore did not receive notice of appellants' bankruptcy case or the

24 automatic stay imposed thereon.  In fact, appellants did not inform Quinlan of the

25

26

27

28

---

[1] Unless otherwise noted, the underlying facts are taken from the bankruptcy court's
tentative ruling on the order to show cause.  Dkt. 6-5.
[2] There are two sets of appellees in this case: Brendan Quinlan, William Murphy, and
Dillingham & Murphy LLP (the "Quinlan appellees") and Zacks, Freedman & Patterson
PC, Andrew Zacks, Scott Freedman, and James Kraus (the "Zacks appellees").

1   bankruptcy case for several years after filing.  In 2015, Quinlan commenced a declaratory

2   relief action in state court, obtained declaratory judgment against appellants, and finally

3   learned of the bankruptcy case when he hired a private investigator to assist him in

4   collecting attorneys' fees awarded pursuant to the declaratory judgment.

5           For nearly three additional years, appellants failed to take any action to enforce

6   their automatic stay until April 2018, when their new counsel wrote to appellees

7   Dillingham & Murphy LLP objecting to the recording of abstracts of judgment from the

8   state court declaratory judgment.  Appellants filed a contempt motion in bankruptcy court

9   on May 4, 2018, seeking for the bankruptcy court to declare the state declaratory relief

10  judgment to be void and seeking to hold appellees in contempt for continuing to litigate

11  the declaratory relief state court action after they learned of appellants' bankruptcy case

12  and the automatic stay.  On October 3, 2019, after a trial and motion for reconsideration,

13  the bankruptcy court ultimately determined that appellees' failure to vacate the

14  declaratory relief judgment was a willful violation of the automatic stay and that appellants

15  were entitled to damages.  The court also noted that appellants failed to mitigate their

16  damages by failing to raise the issue of the automatic stay until April 2018.

17          On October 10, 2019, the Quinlan appellees filed a motion seeking retroactive

18  relief from the automatic stay, which the bankruptcy court denied on January 14, 2020.

19  Based on appellees' motion for retroactive relief, appellants filed a motion for sanctions

20  pursuant to Bankruptcy Rule 9011.  On October 14, 2019, the bankruptcy court

21  tentatively ordered appellants to apportion their damages among the issues upon which

22  they prevailed; that order was also entered on January 14, 2020.

23          On February 12, 2020, the bankruptcy court entered an order awarding damages

24  to appellants to which appellants objected on the basis that the order was premature.  On

25  February 19, 2020, the bankruptcy court entered judgment in appellants' favor for the

26  damages calculated in the February 12th order.  Also on February 19th, the bankruptcy

27  court held a hearing and ultimately denied the Rule 9011 motion.  On February 28, 2020,

28  the bankruptcy court, on appellants' motion, entered an order to show cause why

United States District Court
Northern District of California

United States District Court
Northern District of California

1    appellees should not pay actual or punitive damages to appellants because, as of

2    February 18, 2020, appellees still had not vacated the state court declaratory relief

3    judgment.  Dkt. 6-3.

4          On March 2, 2020, appellants filed a motion to vacate the bankruptcy court's order

5    awarding damages and entry of final judgment on the grounds that appellants intended to

6    seek additional damages.  On March 3, 2020, the bankruptcy court denied that motion,

7    noting that it has the inherent power to award supplemental damages or amend its own

8    judgments and, therefore, vacating the order awarding damages and judgment was

9    unnecessary.  Dkt. 6-4.  On March 6, 2020, appellants appealed the final judgment

10   resulting in the current proceedings before this court.  Dkt. 1-1.  Meanwhile, the order to

11   show cause continued to proceed in the bankruptcy court action.  On May 12, 2020, the

12   bankruptcy court issued a tentative ruling on the order to show cause indicating that it

13   would deny appellants' request for punitive damages, require submission of evidence in

14   support of appellants' alleged damages, and permit supplemental briefing on the issue of

15   appellants' damages.  Dkt. 6-5 at 2.  On May 14, 2020, the bankruptcy court held a

16   hearing on the order to show cause but ordered the hearing continued until August 20,

17   2020 and ordered supplemental briefing on the issue of the court's jurisdiction to award

18   damages in light of the present appeal.  Dkt. 6-6.

**DISCUSSION**

20   **A.    Legal Standard**

21         Federal Rule of Bankruptcy Procedure 8007 permits a party in a bankruptcy

22   proceeding to move a district court for relief including "a stay of a judgment, order, or

23   decree of the bankruptcy court pending appeal . . . ."  Fed. R. Bankr. P. 8007(a)(1)(A),

24   (b).  "A motion for a stay pending appeal ordinarily must be brought in the bankruptcy

25   court in the first instance."  In re Gens, No. 17-CV-01001-BLF, 2017 WL 2775042, at *2

26   (N.D. Cal. June 27, 2017) (citing Fed. R. Bankr. P. 8007(a)).  If the moving party pursues

27   a stay pending appeal in the district court, "[t]he motion must: (A) show that moving first

28   in the bankruptcy court would be impracticable; or (B) if a motion was made in the

3

United States District Court
Northern District of California

1   bankruptcy court, either state that the court has not yet ruled on the motion, or state that

2   the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P.

3   8007(b)(2).

4           "When deciding whether to issue a discretionary stay pending a bankruptcy

5   appeal, courts use the following four factors, which were imported from the standard for

6   deciding preliminary injunctions or staying them pending appeal: (1) movant's likelihood

7   of success on the merits of the appeal; (2) significant and/or irreparable harm that will

8   come to movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4)

9   where the public interest lies." In re Chan, No. 18-CV-05582-HSG, 2018 WL 5816167, at

10   *1 (N.D. Cal. Nov. 5, 2018) (quoting In re North Plaza, LLC, 395 B.R. 113, 119–20 (S.D.

11   Cal. 2008); and citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "The party moving

12   for a stay has the burden on each of these elements." DBD Credit Funding LLC v. Silicon

13   Labs., Inc., No. 16-CV-05111-LHK, 2016 WL 6893882, at *6 (N.D. Cal. Nov. 23, 2016)

14   (quoting In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006)). "The first two factors are the

15   most critical, but a failure on any one factor requires the court to deny the application for

16   a stay." Id. (quoting In re Swartout, 554 B.R. 474, 476 (Bankr. E.D. Cal. 2016)).

17   **B.     Analysis**

18           Appellants seek an order to stay the bankruptcy court's order to show cause

19   proceedings. Dkt. 6 at 2. In response, appellees filed a joint response to appellants'

20   motion stating that they do not oppose a stay of the order to show cause proceedings

21   and, further, that they would not oppose a stay of the entirety of the bankruptcy court

22   proceedings. Dkt. 8 at 1–2.

23           As noted above, Rule 8007(a) includes a presentation requirement. "Ordinarily, a

24   party must move first in the bankruptcy court for the following relief . . . a stay of a

25   judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P.

26   8007(a)(1)(A). If the request is instead made directly to the court where the appeal is

27   pending, the moving party must show "that moving first in the bankruptcy court would be

28   impracticable," or "if a motion was made in the bankruptcy court" must "state the court

4

1    has not yet ruled on the motion, or state that the court has ruled and set out any reasons

2    given for the ruling."  Fed. R. Bankr. P. 8007(b)(2).

3    　　　　Here, appellants contend that moving first in the bankruptcy court would be

4    impracticable.  Dkt. 6 at 2.  In the alternative, appellants argue that, at the May 14th

5    hearing, they orally moved the bankruptcy court to stay the order to show cause

6    proceeding pending appeal and the bankruptcy court has not yet ruled on the motion.  Id.

7    at 2–3.  With regard to their argument that moving the bankruptcy court would be

8    impractical, appellants contend that the bankruptcy court already denied their motion for

9    relief from the entry of order awarding damages and judgment and also that the order to

10   show cause did not invite appellants to file any response to the order to show cause or

11   any further pleadings without prior leave of court.  Id. at 2.

12   　　　　Appellants' arguments concerning the impracticability of filing a motion with the

13   bankruptcy court are unpersuasive.  "A failure to seek emergency relief in the bankruptcy

14   court is a critical defect and not often overlooked.  'The reason for requiring that the initial

15   application be made to the Bankruptcy Court is obvious. . . . [t]he reviewing court should

16   have the benefit of the learning of the lower court,' which is more familiar with the parties,

17   facts and legal issues."  In re Rivera, No. 5:15-CV-04402-EJD, 2015 WL 6847973, at *2

18   (N.D. Cal. Nov. 9, 2015) (alterations in original) (quoting In re MSR Resort Golf Course,

19   LLC, No. 11-10371 (SHL), 2013 WL 766166, at *2 (S.D.N.Y Feb. 26, 2013)).  As

20   explained by a leading bankruptcy treatise:  "It would seem that a showing of

21   impracticability would normally require a showing that the [bankruptcy] judge is

22   unavailable, or that, to be effective, relief must be immediate, and that based upon what

23   occurred in the [bankruptcy] court, relief from it is improbable."  10 Collier on Bankruptcy,

24   § 8007.08 (Richard Levin & Henry J. Sommer eds., 16th ed.) (alterations in original)

25   (citations omitted).

26   　　　　Here, there is no reason why appellants could not seek emergency relief before

27   the bankruptcy court—there is no argument made that the bankruptcy judge is

28   unavailable or that relief must be immediate.  Appellants offer two arguments why moving

United States District Court
Northern District of California

1   for a stay is impractical, neither is persuasive.  First, the bankruptcy court's March 3,

2   2020 order denying appellants' motion for relief from the entry of order and judgment did

3   not address the order to show cause and denied the motion on the narrow grounds that

4   the court has the inherent power to award supplemental damages and amend its own

5   judgments.  Dkt. 6-4 at 2.  The order did not address the order to show cause, nor does it

6   appear that appellants moved the court to stay the order to show cause.  Second, the

7   bankruptcy court's order to show cause stated that "[n]o additional pleadings are

8   permitted absent prior leave of court."  Dkt. 6-3 at 3.  This statement indicates that the

9   bankruptcy court would require a justification to file additional pleadings, not that the

10   bankruptcy court is prohibiting further filings entirely.  Neither reason offered by

11   appellants is sufficient to demonstrate that seeking emergency relief before the

12   bankruptcy court is impractical.

13         More persuasive, appellants contend that at the May 14th hearing they requested

14   the bankruptcy court that the proceedings be stayed pending appeal and "[a]s a result of

15   Appellants' request, the Bankruptcy Court continued the Order to Show Cause to

16   08/20/2020 and ordered that additional briefs be filed by 07/17/2020."  Dkt. 6 at 3.  This

17   request could be construed as a motion to stay that the bankruptcy court has yet to rule

18   on because the bankruptcy court continued the hearing and requested additional briefing

19   on the issue of staying the order to show cause.  Yet by citing the bankruptcy court's

20   consideration of their request to stay the proceedings, appellants demonstrate why the

21   present request to stay the order to show cause proceedings is premature.  As stated,

22   "'[t]he reason for requiring that the initial application be made to the Bankruptcy Court is

23   obvious. . . . '[t]he reviewing court should have the benefit of the learning of the lower

24   court,' which is more familiar with the parties, facts and legal issues."  In re Rivera, 2015

25   WL 6847973, at *2.  Such reasoning is applicable here, the bankruptcy court is more

26   familiar with the facts and legal issues in this case and the bankruptcy court should have

27   the opportunity to rule in the first instance on the arguments presented for a stay.

28         Even if the court were to consider appellants' motion on the merits, they have not

United States District Court
Northern District of California

1   made the requisite showing to issue a stay.  "Appellants seeking a discretionary stay

2   under [Rule 8007] must meet the terms of a test virtually identical to that for a preliminary

3   injunction." Shek v. Burchard, No. 19-CV-00588-EMC, 2019 WL 1102990, at *3 (N.D.

4   Cal. Mar. 8, 2019) (alteration in original) (quoting Lynch v. Cal. Pub. Utilities Comm'n, No.

5   C-04-0580 VRW, 2004 WL 793530, at *2 (N.D. Cal. Apr. 9, 2004)).  Appellants argue that

6   the order to show cause proceeding should be suspended pursuant to the divestiture rule

7   that divests a lower court of jurisdiction while a reviewing court considers the merits of the

8   issues appealed from the lower court.  Dkt. 6 at 3–4 (citing, e.g., Griggs v. Provident

9   Consumer Discount Co., 459 U.S. 56, 58 (1982)).  They contend that the divestiture rule

10  is applicable here because at least two issues on appeal are also directly at issue in the

11  order to show cause.  Id. at 4–5.

12         Appellants have not cited the four-part standard necessary to issue a discretionary

13  stay or applied it to the facts of their case.  Giving them the benefit of the doubt,

14  appellants' arguments concerning the divestiture rule could be construed as supporting

15  the first factor, whether they are likely to succeed on the merits on appeal.  Even so,

16  appellants offer no argument speaking to the significant or irreparable harm that will

17  come to them absent a stay, the harm to appellees if a stay is granted, and where the

18  public interest lies.  They have not carried their burden to grant a stay.

19         In sum, appellants have not presented a compelling reason why they cannot seek

20  a stay pending appeal before the bankruptcy court.  The bankruptcy court has set a

21  briefing schedule and a hearing date within the next two months on the very question of

22  whether it has jurisdiction over the order to show cause given this appeal.

**CONCLUSION**

24         For the foregoing reasons, appellants' motion to stay is DENIED.

25         **IT IS SO ORDERED.**

26  Dated: June 22, 2020

27                                                    /s/ Phyllis J. Hamilton
                                                      PHYLLIS J. HAMILTON
28                                                    United States District Judge

7