United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. PAXTON, et al.,<br><br>                    Appellants,<br><br>          v.<br><br>BRENDAN QUINLAN, et al.,<br><br>                    Appellees. | Case No. 20-cv-1655-PJH<br><br>Bankr. Case No. 12-33036<br><br>**ORDER AFFIRMING ORDERS OF BANKRUPTCY COURT** |

Appellants John and Elizabeth Paxton appeal from the bankruptcy court's final judgment entered on February 19, 2020 and the orders cited therein.  The matter is submitted on the briefs and is suitable for decision without oral argument.  Having carefully considered the relevant authority, the parties' papers, and the record, the orders of the bankruptcy court are AFFIRMED.

## BACKGROUND

This bankruptcy court appeal originally arises out of a landlord-tenant dispute. The full factual background of this case is set forth in the bankruptcy court's memorandum decision after trial.  <u>See</u> ER I at 133.[1]  This order will summarize only the facts directly relevant to this appeal.

In 1986, appellant John Paxton entered into a residential lease to rent an apartment in San Francisco.  ER I at 136.  He lived at the apartment with his wife, Elizabeth Paxton (together, "appellants" or "the Paxtons").  Between 2005 and 2015,

---

[1] Citations to the evidentiary record are abbreviated "ER."

United States District Court
Northern District of California

1   appellee Brendan Quinlan owned the property rented by the Paxtons.

2        Under the terms of the apartment lease, the Paxtons were allowed to approve or

3   disapprove of any repairs or improvements to the apartment.  ER I at 136.  The events

4   giving rise to this litigation all stem from the Paxtons' "attempt to wield this power" over

5   Quinlan.  ER I at 136.

6        Appellee Quinlan made multiple attempts to enter the apartment to make repairs,

7   but the Paxtons refused, citing their right to "control the color, style, and quality of the

8   repairs."  ER I at 137.

9        In December 2013, appellee Quinlan filed a declaratory relief action against the

10  Paxtons in state court.  ER I at 137.  Quinlan did not seek any monetary damages from

11  the Paxtons.  ER I at 138.  Quinlan sought only a court order requiring the Paxtons to

12  provide him with access to the apartment.  ER I at 138.

13       Unbeknownst to Quinlan, in October 2012 (over one year before the declaratory

14  relief action was filed), the Paxtons had filed for Chapter 13 bankruptcy.  ER I at 137.

15  During the declaratory relief proceedings, the Paxtons did not notify Quinlan or the court

16  of their bankruptcy proceedings, nor did they assert the protection of an automatic stay

17  under section 362 of the bankruptcy code.  ER I at 138.  Instead, the Paxtons continued

18  to vigorously litigate the declaratory relief claim in state court, and even filed an appeal

19  after Quinlan prevailed.  ER I at 138.  The court of appeals affirmed the judgment against

20  the Paxtons and ordered them to pay attorneys' fees to Quinlan.  ER I at 139.

21       The Paxtons, still in bankruptcy proceedings, notified their bankruptcy counsel of

22  the judgment to pay attorneys' fees to Quinlan.  The Paxtons' bankruptcy counsel then

23  negotiated with Quinlan to reach a settlement regarding fees.  ER I at 139.  Again, even

24  though the Paxtons were still in Chapter 13 bankruptcy at this time, their counsel did not

25  raise the issue of an automatic stay nor suggest that the declaratory relief litigation had

26  violated the stay.  ER I at 139.  Instead, the Paxtons' bankruptcy counsel merely asked

27  Quinlan to agree not to take any action to collect the judgment until after the bankruptcy

28  case had closed.  ER I at 139.

                                      2

1   Despite the apparent cooperation between the Paxtons and Quinlan regarding the

2   declaratory judgment, the Paxtons filed the underlying motion for contempt in bankruptcy

3   court in May 2018, alleging that Quinlan and his attorneys violated the automatic stay by

4   seeking declaratory relief.  Dkt. 6-5 at 3.  The contempt motion sought relief against

5   Quinlan and his current attorneys, William Murphy and Dillingham & Murphy LLP

6   (collectively, "the Quinlan appellees").  The Paxtons' contempt motion also sought relief

7   against Quinlan's former attorneys, Andrew Zacks, Scott A. Freedman, James Kraus,

8   and Zacks, Freedman & Patterson PC (collectively, "the Zacks appellees").

9   The Paxtons' contempt motion sought an order from the bankruptcy court

10   declaring the declaratory relief judgment void and finding appellees in contempt for

11   continuing to litigate the declaratory relief action even after learning of the Paxtons'

12   bankruptcy.  See ER VII at 1630.

13   The bankruptcy court held a bench trial on the contempt motion on August 17,

14   2018.  While the bankruptcy court did agree to void the declaratory relief judgment, it

15   found that the appellees did not act willfully in litigating the matter because the Paxtons

16   had never notified them of the pending bankruptcy.  See ER I at 133.

17   After trial, the Paxtons filed a motion to alter or amend the judgment.  The Paxtons

18   argued that the appellees should be held in contempt for: (1) commencing the declaratory

19   relief action, (2) obtaining a judgment in the declaratory relief action, (3) defending

20   against the Paxtons' appeal of the declaratory relief judgment, (4) recording abstracts of

21   the declaratory relief judgment, (5) failing to release the abstracts of judgment, (6)

22   commencing a small claims action for unpaid rent against the Paxtons, (7) obtaining a

23   judgment in the small claims action, (8) recording an abstract of the small claims

24   judgment, and (9) obtaining an order for judgment debtor examination in the small claims

25   action.  ER I at 111-112.

26   Even though the bankruptcy court rejected the majority of the Paxtons' arguments,

27   it did agree to further consider the issue of whether the Paxtons were entitled to damages

28   for the appellees' failure to vacate the declaratory relief judgment (and the related

United States District Court
Northern District of California

1   abstracts).  However, the court also specifically pointed out that the Paxtons' underlying

2   contempt motion "did not request vacatur of the declaratory relief judgment," and instead

3   "sought only an order declaring it void, which is exactly what the court issued."  Dkt. 6-5

4   at 18.

5          Despite the fact that the Paxtons were seeking new relief post-trial, the bankruptcy

6   court still expressed its willingness to consider the new relief, stating after trial that it

7   "requires a record sufficient to permit it to determine the amount of damages, if any,

8   caused by [appellees'] failure to vacate the declaratory relief judgment."  Dkt. 6-5 at 16.

9   The bankruptcy court issued an order to show cause and scheduled a hearing to

10  consider awarding further damages to the Paxtons, but those proceedings have been

11  continued due to the pendency of this appeal.

12         While the bankruptcy court was considering the new relief sought by the Paxtons,

13  the court also issued a final judgment on the Paxtons' original contempt motion, and

14  awarded attorneys' fees related to the issues on which the Paxtons prevailed.  The

15  bankruptcy court awarded the Paxtons $28,479.84 in attorneys' fees.  ER I at 57-67.

16         The Paxtons appeal from the bankruptcy court's entry of final judgment and the

17  orders cited therein.

18                                    **ISSUES PRESENTED**

19         The Paxtons present the following issues on appeal:

20          (1) whether appellee Quinlan's small claims action for rent coming due post-

21              petition was barred by section 362(a)(1) and (a)(6) as a pre-petition claim,

22          (2) whether the lien releases recorded by appellees Quinlan, Murphy, and

23              Dillingham & Murphy LLP remedied the stay violations of section 362(a)(1)

24              and (a)(6),

25          (3) whether the bankruptcy court's entry of final judgment and order awarding

26              damages were premature because the stay violations were ongoing past the

27              date of entry of final judgment,

28          (4) whether section 1301 prohibited appellee Quinlan from filing the small claims

United States District Court
Northern District of California

action for past-due residential rent and recording the abstracts of judgment,

(5) whether appellee Quinlan violated section 362(a)(4) by creating or perfecting

liens against property of the estate, and

(6) whether the bankruptcy court's award of damages properly reduced the fee

claim by two-thirds after dividing the attorney's time into nine parts.

**STANDARD OF REVIEW**

The court reviews the bankruptcy court's conclusions of law de novo.  Citibank v. Eashai (In re Eashai), 87 F.3d 1082, 1086 (9th Cir. 1996).  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.  Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous if, after examining the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985).

A bankruptcy court's decision on attorney's fees is reviewed for abuse of discretion.  Hale v. United States Trustee, 509 F.3d 1139, 1146 (9th Cir.2007).

**DISCUSSION**

**Issue 1:  Whether the small claims action was barred**

The Paxtons' first argument is that appellee Quinlan's small claims action for unpaid rent was barred by section 362(a)(1) and (a)(6) as a pre-petition claim.

In determining when a claim arises for purposes of bankruptcy law, the Ninth Circuit uses the "fair contemplation test."  Under the fair contemplation test, a claim arises "when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under non-bankruptcy law."  In re SNTL Corp., 571 F.3d 826, 839 (9th Cir. 2009).

As support for their argument that the unpaid-rent claims arose pre-petition, the Paxtons cite Goudelock v. Sixty-01 Ass'n of Apartment Owners, in which the Ninth Circuit determined that a claim for unpaid condominium homeowners' association dues arose at

1    the time the owners purchased the condominium, not at the time the payments were due.

2    895 F.3d 633, 638 (9th Cir. 2018).  The Paxtons argue that, similarly, all payments for

3    rent arose at the time that the original residential lease was signed in 1986.

4         However, the Paxtons' argument overlooks the distinction between the purchase

5    of a condominium and the rental of an apartment.  At the time of their bankruptcy

6    petition, the Paxtons were proceeding under a month-to-month tenancy.  Under

7    California law, a month-to-month lease constitutes a new contract formed every month.

8    See Renner v. Huntington-Hawthorne Oil & Gas Co., 39 Cal.2d 93, 102 (1952).  Thus,

9    each month-to-month tenancy that occurred after the Paxtons' Chapter 13 filing gave

10   rise to a post-petition claim.

11        In the small claims action, appellees sought only recovery of unpaid rent for 2013

12   through 2015, the time period after the Paxtons filed for bankruptcy in October 2012.  ER

13   I at 117.  Thus, the claim for unpaid rent was a post-petition claim, and was not barred by

14   section 362(a)(1) or (a)(6).  Accordingly, the court DENIES the Paxtons' appeal as to

15   issue (1).

16

17   **Issue 2: Whether the lien releases remedied the stay violations**

18        The Paxtons argue that the lien releases recorded by appellees Quinlan, Murphy,

19   and Murphy & Dillingham did not remedy the stay violations of section 362(a)(1) and

20   (a)(6).  Specifically, the Paxtons complain of language in the lien releases stating that

21   the releases are without prejudice, and argue that the liens should have been fully

22   vacated.

23        Appellees point out that appellants have conceded that the releases complied with

24   Cal. Code of Civil Procedure § 697.370.  See Dkt. 4 at 35 (appellants' concession that

25   appellees have "complied with the Code of Civil Procedure by providing the elements

26   required" by section 697.370.).

27        Even more importantly, when the Paxtons filed their motion for contempt in

28   bankruptcy court, they did not seek the relief that they now seek in this appeal.  See ER

United States District Court
Northern District of California

6

VII at 1630.  In the Paxtons' original filing, they sought only an order declaring the judgment liens void.  ER VII at 1638.  They did not seek vacatur of the judgment liens. The Paxtons waited until the bankruptcy court held a bench trial and issued a decision finding the judgment liens void, and only then did the Paxtons pursue their new argument that the liens should be vacated.

The bankruptcy court noted the Paxtons' delay in seeking vacatur.  The court explained that the Paxtons' contempt motion "did not request vacatur of the declaratory relief judgment.  It sought only an order declaring it void, which is exactly what the court issued. . . . After that, the declaratory relief judgment was meaningless, it could not be enforced."  Dkt. 6-5 at 14.

Despite the Paxtons' delay, and despite the Paxtons' failure to identify any practical difference between voiding and vacating the liens, the bankruptcy court still considered their new claim for relief.  When the Paxtons filed an order to show cause, the bankruptcy court granted it "to the extent that it seeks an order to show cause why respondents should not pay actual and punitive damages for failing to vacate the declaratory relief judgment."  ER I at 29.  The bankruptcy court specifically directed the parties to submit evidence "sufficient to permit it to determine the amount of damages, if any, caused by the respondents' failure to vacate the declaratory relief judgment."  Dkt. 6-5 at 16.

The order to show cause proceedings regarding the failure to vacate were continued due to the pendency of this appeal.  In other words, it appears that the bankruptcy court was conducting proceedings to determine whether to grant the Paxtons the relief they now seek, but those proceedings were stymied by the filing of this appeal. The bankruptcy court retains jurisdiction over this issue, and accordingly, the Paxtons' appeal is DENIED as to issue (2).[2]

---

[2] To the extent the Paxtons raise an argument under the Fair Debt Collection Practices Act ("FDCPA"), the bankruptcy court correctly noted that "the Paxtons improperly raised the FDCPA argument for the first time" in a post-trial motion, "and the court can disregard the Paxtons' argument for that reason."  ER I at 91.

1    **Issue 3: Whether the bankruptcy court's final judgment was premature**

2         The Paxtons argue that the bankruptcy court's order awarding damages and entry

3    of final judgment were premature because the stay violations were ongoing past the date

4    of entry of final judgment.

5         This issue overlaps with issue (2) because both relate to alleged damages

6    stemming from appellees' failure to vacate the judgment liens.  And as stated in the

7    context of issue (2), the bankruptcy court was still considering the issue of post-trial

8    damages even at the time this appeal was filed.  The bankruptcy court had directed the

9    Paxtons to submit evidence of their damages on this very issue, and the pendency of this

10   appeal is the only reason that the bankruptcy court has not yet considered that evidence

11   in the course of its order to show cause proceedings.  Thus, it appears that it was not the

12   court's final judgment that was premature, it was the filing of this appeal that was

13   premature – at least to the extent the appeal seeks review of issues that the bankruptcy

14   court is still considering and still retains jurisdiction over.[3]  Accordingly, the Paxtons'

15   appeal is DENIED as to issue (3).

16

17   **Issue 4: Whether section 1301 barred the small claims action**

18        The Paxtons argue that section 1301 prohibited appellee Quinlan from filing the

19   small claims action for past-due residential rent and recording the abstracts of judgment.

20        However, section 1301 does not apply for two separate and independent reasons.

21   First, Mrs. Paxton did not co-sign the lease, so she is not a co-debtor in the strict sense.

22   Second, Mrs. Paxton is a bankruptcy debtor protected by section 362, and the legislative

23   history of section 1301 shows that it is limited to non-debtors.  See ER I at 118 (citing

24   H.R. Rep. No. 95-989, 95th Cong., 1st Sess. 138 (1977), U.S. Code Cong. & Admin.

25   News 1978 at 5924).

26   _____

27   [3] To the extent that the Paxtons now have changed their argument and now challenge
     appellees' "failure to dismiss" rather than their "failure to vacate," that issue was not
28   presented to the bankruptcy court and cannot be raised on this appeal.  See In re Wylie,
     349 B.R. 204, 213 (9th Cir. B.A.P. 2006).

1    Moreover, if Mrs. Paxton was already covered by section 362's automatic stay,

2    appellants have not identified any practical effect of finding that she was also covered by

3    a section 1301 stay.

4    Even more importantly, the Paxtons did not raise the section 1301 argument in

5    their contempt motion, and appear to have raised it for the first time after trial in the

6    bankruptcy court.  ER I at 117.  The Paxtons cannot appeal issues that were not properly

7    before the bankruptcy court.  See In re Wylie, 349 B.R. 204, 213 (9th Cir. B.A.P. 2006)

8    ("Absent exceptional circumstances, this court generally will not consider arguments

9    raised for the first time on appeal.") (internal citations omitted); see also Rothman v.

10   Hospital Service of Southern California, 510 F.2d 956, 960 (9th Cir.1975) (appellate

11   courts in this circuit will not consider arguments that are not "properly raise[d]" in the trial

12   courts).  Accordingly, the Paxtons' appeal is DENIED as to issue (4).

13

14   **Issue 5: Whether liens were improperly imposed against property of the estate**

15   The Paxtons argue that the Quinlan appellees violated section 362(a)(4) by

16   creating or perfecting liens against property of the estate.  Specifically, the Quinlan

17   appellees served an order for examination and recorded the abstract of the small claims

18   judgment.  The Paxtons argue that the Quinlan appellees' actions created a lien against

19   their post-petition earnings, which they assert are property of the post-confirmation

20   bankruptcy estate.

21   Under Ninth Circuit precedent, "all property revests in the debtor upon plan

22   confirmation" unless otherwise ordered.  In re Jones, 657 F.3d 921, 928 (9th Cir. 2011).[4]

23   In this case, the express terms of the Paxtons' bankruptcy confirmation plan were that

24   "the debtor elects to have property of the estate revest in the debtor upon plan

25

26   [4] The Ninth Circuit in Jones then discussed the "estate preservation" approach, in which
     the property of the estate "does not become property of the debtor," but rather remains
27   with the estate and "protected by the automatic stay until the case is closed, dismissed,
     or converted."  657 F.3d at 928 (internal citation omitted).  The Jones court held that "[n]o
28   circuit has adopted the estate preservation approach, and we affirmatively decline to do
     so here."  Id. at 928.

United States District Court
Northern District of California

1    confirmation." ER I at 120, n.8. Thus, the liens at issue were proper, and the Paxtons'

2    appeal is DENIED as to issue (5).

3

4    **Issue 6: Whether the court abused its discretion in awarding attorneys' fees**

5          Paxton argues that the bankruptcy court abused its discretion in making its fee

6    award. Specifically, Paxton complains of the court reducing his fee award by two-thirds

7    after allocating the total fee award among the various asserted claims, the majority of

8    which did not succeed.

9          As mentioned above, a bankruptcy court's decision on attorney's fees is reviewed

10   for abuse of discretion. Hale, 509 F.3d at 1146. A damages award will be affirmed

11   "unless it is clearly unsupported by the evidence or grossly excessive, monstrous, or

12   shocking to the conscience." In re Computer Commc'ns, Inc., 824 F.2d 725, 731 (9th Cir.

13   1987).

14         In its order awarding damages, the bankruptcy court first cited the relevant legal

15   precedent governing the specific facts of this case. The bankruptcy court first observed

16   that "[c]ourts especially scrutinize cases where the debtor's only injuries are those

17   incurred in litigating the motion for sanctions." ER I at 60 (citing In re Roman, 283 B.R. 1,

18   12 (9th Cir. B.A.P. 2002)). The court then noted that "Mr. and Mrs. Paxton request no

19   damages other than attorneys' fees and costs and their out of pocket cost for a court

20   reporter for purposes of trial." ER I at 61.

21         The bankruptcy court also cited controlling precedent holding that "attorneys' fees

22   will only be awarded for the issues upon which the debtor prevailed." ER I at 60 (citing In

23   re Dawson, 390 F.3d 1139, 1152 (9th Cir. 2004); In re Stinson, 295 B.R. 109, 119 (9th

24   Cir. B.A.P. 2003)). Accordingly, the bankruptcy court conducted a reasoned analysis

25   based on its experience with the case, including having conducted a bench trial, and

26   found that a two-thirds reduction was appropriate for the Paxtons' attorney's time entries.

27   ER I at 63. The court stated that it "arrived at this number by considering the number of

28   discrete issues Mr. and Mrs. Paxton raised and argued (nine, including small claims

1   action issues), and the number of issues on which they prevailed and are entitled to

2   damages (three)." Id.

3       In reaching its conclusion, the bankruptcy court "compared [the Paxtons'

4   attorney's] tables with his time sheets" and "found some discrepancies between them

5   concerning the tasks done and time spent on them." ER I at 63-64.  The court's order

6   included a detailed reproduction and discussion of the Paxtons' attorney's time entries.

7       The court finds no basis for the Paxtons' argument that the bankruptcy court

8   abused its discretion by not awarding them more damages.  If anything, the record

9   indicates that it would have been reasonable to award the Paxtons' an even lower

10  amount in damages, given "the fact that they could have avoided years of litigation if they

11  had only disclosed their bankruptcy when they filed it, in 2012."  Dkt. 6-5 at 7-8.

12  Moreover, as discussed in the context of issues (2) and (3), the court again notes that the

13  bankruptcy court is still considering the issue of damages stemming from the failure to

14  vacate the declaratory relief judgment.  Accordingly, the Paxtons' appeal is DENIED as to

15  issue (6).

16

17  **Requests for judicial notice**

18      The Paxtons have filed two requests for judicial notice.  See Dkt. 5, 15.  On this

19  appeal, this court will consider only the record that was before the bankruptcy court.

20  Accordingly, the Paxtons' requests for judicial notice are DENIED.

21                              **CONCLUSION**

22      For the reasons set forth above, the court AFFIRMS the orders and final judgment

23  of the bankruptcy court.

24      **IT IS SO ORDERED.**

25  Dated: February 16, 2021

26                          ____/s/ *Phyllis J. Hamilton*____

27                          PHYLLIS J. HAMILTON
                            United States District Judge

28